[Cite as *Rucker v. State*, 2025-Ohio-434.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

MARIAH DOMINIQUE RUCKER,

Relator,

- vs -

THE STATE OF OHIO,

Respondent.

CASE NO. 2025-P-0001

Original Action for Writs of Mandamus and Prohibition

## M E M O R A N D U M
## O P I N I O N

Decided: February 10, 2025
Judgment: Dismissed

*Mariah Dominique Rucker*, pro se, 3328 Euclid Avenue, Apt. 404, Cleveland, OH 44115 (Relator).

*Connie J. Lewandowski*, Portage County Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Respondent).

MATT LYNCH, J.

{¶1} Mariah Dominique Rucker, pro se, filed the following motions in this court on January 22, 2025: motion for leave "to file the enclosed writs," motion for writ of mandamus, motion for writ of prohibition, motion for immediate stay, motion for change of venue, motion for expedited consideration, and motion to proceed in forma pauperis. Rucker also filed additional motions under this case number.

{¶2} "The Ohio Rules of Civil Procedure, as supplemented herein, shall govern procedure in original actions filed in this court." Loc.App.R. 1(B). Under Civ.R. 3(A), "[a] civil action is commenced by filing a complaint with the court, if service is obtained within one year from such filing upon a named defendant," and an original action in this court

"shall be instituted by the filing of a complaint or petition," Loc.App.R. 101(A). A motion for extraordinary relief is insufficient to commence an original action. *State ex rel. Simms v. Sutula*, 81 Ohio St.3d 110, 111 (1998) (affirming the dismissal of a motion for a writ of procedendo).

{¶3} Accordingly, we deny Rucker's motion for leave, motion for writ of mandamus, and motion for writ of prohibition. And because there is no pending action before this court, we deny all other pending motions.

{¶4} This cause is sua sponte dismissed for failure to properly invoke the original jurisdiction of this court. *See, e.g., Snype v. Oswick*, 2009-Ohio-5066 (11th Dist.) (sua sponte dismissing an action initiated by a filing that failed to invoke either the appellate or original jurisdiction of the court); *see also State ex rel. Lehman v. Poulos*, 87 Ohio St.3d 1482 (1999) (sua sponte dismissing an action that did not meet the court's requirements for instituting an original action).

{¶5} Rucker, should she wish to proceed, must commence an original action for extraordinary relief by filing a complaint or petition under Civ.R. 3(A) and Loc.App.R. 101(A).

{¶6} Cause dismissed.

JOHN J. EKLUND, J.,

EUGENE A. LUCCI, J.,

concur.

2

Case No. 2025-P-0001